PONCIANO GARCIA, SR., v. THE STATE.

No. 23855. Delivered January 7, 1948.

*Smith, Hyde, Barber & Shireman* and *Truett Barber,* all of Corpus Christi, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was charged by indictment with the offense of an assault with intent to murder with malice. He was convicted of the offense of aggravated assault and his punishment was assessed at confinement in the county jail for a period of 30 days and a fine of $500.00.

Appellant questions the sufficiency of the evidence to sustain his conviction.

The State's evidence, briefly stated, shows that appellant was a constable of the precinct in which the town of Orange Grove is located; that on the day in question, appellant was near the ice house in the town of Orange Grove when he saw Marcos Morin and Jose Maria Lopez coming from a beer tavern and heard them hollering. He approached them and asked them to be quiet and to go home. At this juncture, Jose Deanda appeared on the scene and inquired of them what had happened; that when he did so, appellant struck at him, Jose Deanda, with a pistol; then arrested him and started to march him to jail; that on their way to jail, appellant punched the prisoner with a pistol and admonished him, Deanda, not to molest him; that when appellant punched Deanda with the pistol, the prisoner turned and appellant shot him twice. The first shot failed to take effect but the second shot passed through his body. The injured party was taken to a hospital where an operation was performed on him which revealed that he had been shot through the spleen and one kidney. Both of said organs were removed by the attending physician.

Appellant took the witness stand and testified that he saw Morin and Lopez come out of the beer tavern and start hollering; that he walked up to them and told them to go home; that they were drunk, and asked them not to holler any more; that at this juncture, the injured party appeared and inquired of appellant what he wanted with his friends. To which appellant replied, "Nothing. I just want to get them away from here because they are drunk and I want them to go home." Where-

upon, the injured party remarked, "You s-- of a b----, if you want anything of them, they are my friends and I will take their place." To which appellant replied, "Now look here Jose, I am not talking to you." The injured party then said, "If you dont like it, just take me to jail." When he said that, appellant took out his pistol and arrested him; that the injured party then struck him on the head with a bottle and knocked his hat off. When appellant was marching him to jail, the injured party would kick back at him and he then punched him with a gun; that the arrested party suddenly turned and struck at appellant, at which time appellant shot at him to scare him but instead of scaring him, the injured party grabbed appellant's arm whereupon appellant shot him. We think that the State's evidence is sufficient to sustain the conviction since the jury had a right to disregard appellant's testimony.

Under the foregoing facts, the court instructed the jury on the law of an assault with intent to murder with and without malice, on the law of aggravated assault, self-defense, and the right of appellant to resort to such force as was reasonably necessary to overcome resistance or prevent the injured party from extricating himself from such arrest.

Appellant brings forward a number of complaints, some of which relate to the admission of evidence, some to the court's charge and others to the court's action in declining to give his specially requested instruction. These questions will be discussed in the order above stated.

By Bills of Exceptions Nos. 1, 2 and 3 he complains because the district attorney in the development of the State's case propounded leading questions to the State's witnesses which in their nature suggested the answers, to which appellant in due time objected. The court sustained the objection and instructed the district attorney to confine himself to the rules of evidence. No request was made by appellant to have the testimony thus elicited to be withdrawn. These bills fail to reflect any error.

Bill of Exception No. 4 reflects the following occurrence: While the injured party was testifying at the instance of the State, the district attorney inquired of him if it wasn't a fact that appellant makes it a habit. At this juncture, the defendant's attorney arose and objected to the question on the ground that the same was leading and suggestive. The court sustained the objection. Thereupon, the district attorney inquired what the defendant did generally to the Mexican people to which the

witness replied, "He got them in plenty of trouble about the election business and things like that." Whereupon, the court stopped the proceeding, retired the jury, and admonished the district attorney to confine himself to the rules of evidence, but notwithstanding the court's suggestion, appellant's attorney insisted upon his objection that it was leading and suggestive and no other objection was urged thereto by him. However, in this Court, he asks that the case be reversed because it placed appellant's reputation in issue, although he made no objection thereto on that ground Therefore, he tacitly waived it at the time when he should have spoken. We overrule this bill.

Bill of Exception No. 5 is without merit and we see no need of an extended discussion of the same.

Appellant urged a number of objections to the court's charge. First, because the court in his charge instructed the jury that if appellant did with a pistol shoot Jose Deanda, etc. His objection was that there was no averment in the indictment that appellant made the assault with a pistol. There is no merit in this complaint. He also objected to the court's charge because the court failed to instruct the jury that he had a right to defend himself against a violent attack other than one which produced in the mind of defendant a reasonable expectation or fear of death or some serious bodily injury.

We note that the court in his charge did instruct the jury in effect that if they believed from the evidence that at the time of such shooting the said Jose Deanda was making an unlawful and violent attack upon the defendant or was making such an attack upon the defendant as would produce in the mind of defendant a reasonable expectation or fear of death or some serious bodily injury, as viewed from his stand point, and that under such circumstances the defendant shot Jose Deanda or if they had a reasonable doubt thereof to acquit him. We do not recommend the charge as a model, nevertheless, it advised the jury that he, appellant, had a legal right not only to defend himself against an attack which produced in his mind a reasonable expectation or fear of death or serious bodily injury but also gave him the right, without limitation or restriction, to defend himself against a lesser attack.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.